FILED
CLERK, U.S. DISTRICT COURT
SEP 3 - 2013
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA, L.P., <br><br> Plaintiff, <br><br> v. <br><br> NAPOLEAN RHODES, ET AL., <br><br> Defendants. | SA <br> Case No. CV 13-1238 UA (DUTYx) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

    The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

    On August 14, 2013, Defendant Napolean Rhodes, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, Plaintiff could not have brought this action in federal court in

1  the first place, in that Defendant does not competently allege facts supplying either
2  diversity or federal-question jurisdiction, and therefore removal is improper. 28
3  U.S.C. § 1441(a); see *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,
4  563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of
5  citizenship exists, the amount in controversy does not exceed the diversity-
6  jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the
7  contrary, the unlawful-detainer complaint recites that the amount in controversy
8  does not exceed $10,000. Moreover, because Defendant resides in the forum state,
9  Defendant cannot properly remove the action, to the extent diversity jurisdiction is
10 asserted. 28 U.S.C. § 1441(b).

11       Nor does Plaintiff's unlawful detainer action raise any federal legal question.
12 *See* 28 U.S.C. §§ 1331, 1441(b). Defendant asserts in his removal papers that
13 Plaintiff filed a federal question action under the federal Fair Debt Collection
14 Practices Act ("FDCPA"). *See* 16 U.S.C. § 1692, *et seq.* An unlawful detainer
15 action, however, does not constitute "debt collection" under the FDCPA. *Brambilia*
16 *v. Reo Bay Area, LP*, 2011 WL 4031142, at *5 (N.D. Cal. Sept. 8, 2011); *see also*
17 *Hanaway v. JP Morgan Chase Bank*, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15,
18 2011) ("Since a transfer in interest is the aim of a foreclosure . . . the foreclosure
19 proceeding is not a debt collection action under the FDCPA."); *Aniel v. T.D. Serv.*
20 *Co.*, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("[C]ourts throughout this
21 circuit have concluded that foreclosure does not constitute "debt collection" under
22 the FDCPA.").
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1	Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
2	Superior Court of California, County of Orange, North Justice Center, 1275 North
3	Berkeley Ave., Fullerton, CA 92838, for lack of subject matter jurisdiction pursuant
4	to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the
5	state court; and (3) that the Clerk serve copies of this Order on the parties.

7	IT IS SO ORDERED.

9	Dated:  8/27/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE